J-S22005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN GREEN, | |
| Appellant | No. 2531 EDA 2017 |

Appeal from the Judgment of Sentence Entered May 26, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005944-2015

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.*

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 25, 2018**

Appellant, Kevin Green, appeals *nunc pro tunc* from the judgment of sentence imposed on May 26, 2016, of an aggregate term of 18 to 36 months' incarceration, imposed after he was convicted, following a non-jury trial, of possession of a controlled substance.  Appellant seeks to challenge the discretionary aspects of his sentence, the weight of the evidence to support his convictions, and the trial court's denial of his pretrial motion to suppress evidence.  Additionally, his counsel, James R. Lloyd, III, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa.

_____

* Retired Senior Judge assigned to the Superior Court.

2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Briefly, Appellant's conviction stems from undercover officers' observing him sell a controlled substance - namely, phencyclidine (also known as PCP) - on a public street in Philadelphia. After this sale, Appellant was stopped, searched, and found to be in possession of PCP. He was charged with possession of a controlled substance, 35 P.S. § 780-113(a)(16), and possession with intent to deliver a controlled substance (PWID), 35 P.S. § 780-113(a)(30). Prior to trial, Appellant filed a motion to suppress the PCP found in his possession. After a suppression hearing, the trial court denied that motion. Appellant then proceeded to a non-jury trial on March 29, 2016, at the close of which the court convicted him of the possession charge, and acquitted him of the PWID offense.

Following the preparation of a presentence report, the trial court conducted Appellant's sentencing hearing on May 23, 2016. At the conclusion of that proceeding, the court sentenced Appellant to 18 to 36 months' incarceration. However, on May 26, 2016, the trial court *sua sponte* vacated Appellant's sentence and resentenced him to the same term of incarceration, but added that Appellant was eligible for the Recidivism Risk Reduction Initiative (RRRI) Program, 61 Pa.C.S. §§ 4501-4512.

Appellant did not file a post-sentence motion, or a direct appeal. On January 3, 2017, he filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, asserting that his trial counsel had acted

- 2 -

ineffectively by not filing a post-sentence motion or a direct appeal on his behalf. On August 4, 2017, the PCRA court entered two orders, one granting Appellant leave to file a direct appeal *nunc pro tunc*, and the other denying Appellant's request to file a post-sentence motion *nunc pro tunc*.

On August 8, 2017, Appellant filed the present, *nunc pro tunc* appeal from his May 26, 2016 judgment of sentence. On August 10, 2017, the trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Attorney Lloyd filed a Rule 1925(c)(4) statement, indicating his intent to file a petition to withdraw and an ***Anders*** brief with this Court. Consequently, the trial court did not issue a Rule 1925(a) opinion, but instead simply forwarded the certified record to this Court.

On January 22, 2018, Attorney Lloyd filed with this Court a petition to withdraw. That same day, counsel also filed an ***Anders*** brief, addressing the following three issues that Appellant seeks to raise on appeal:

> [I.] Was the sentence imposed upon … [A]ppellant by the [trial] court manifestly excessive?
>
> [II.] Was the verdict against the weight of the evidence to the degree that it shocks one's conscious?
>
> [III.] Did the trial court err when it denied [A]ppellant's motion to suppress PCP recovered from his pocket?

***Anders*** Brief at 9.

In Attorney Lloyd's petition to withdraw and ***Anders*** brief, he states that these three issues are frivolous, and that there are no other, non-frivolous issues that Appellant could pursue herein. Accordingly,

- 3 -

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders,* counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014).  After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Lloyd's **Anders** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Lloyd also states in his petition to withdraw that he has supplied Appellant with a copy of his **Anders** brief. Additionally, he attached to his petition to withdraw a letter directed to Appellant, in which he informs Appellant of the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

With regard to Appellant's first two issues, Attorney Lloyd concludes that these claims are waived based on prior counsel's failure to file a post-sentence motion raising them with the trial court. **See Anders** Brief at 26-32. We are compelled to agree. **See Commonwealth v. Griffin**, 65 A.3d 932, 938 (Pa. Super. 2013) (finding a weight of evidence claim waived where the appellant failed to comply with Pa.R.Crim.P. 607(A) by raising it in a pre-sentence motion, did not address the issue orally prior to sentencing, and did not raise it in a post-sentence motion); **Commonwealth v. Bromley**, 862 A.2d 598, 603 (Pa. Super. 2004) ("It is well settled that an [a]ppellant's challenge to the

- 5 -

discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court.") (citation omitted).

Notwithstanding Appellant's waiver of these claims, we would still deem them frivolous to raise on appeal. Initially, in regard to Appellant's challenge to the discretionary aspects of his sentence, he seeks to argue that his sentence is excessive because the court imposed the statutory maximum term of 3 years' incarceration. *See* 35 P.S. § 780-113(b).[1] Even if Appellant's claim constituted a substantial question for our review, the record does not demonstrate any reason for this Court to overturn Appellant's sentence. While the trial court imposed an aggravated-range, statutory-maximum term of incarceration, the court offered sufficient reasons on the record for fashioning that sentence. *See* N.T. Sentencing Hearing, 5/23/16, at 14-16. Specifically, the court stressed that Appellant had "17 arrests and 12 convictions, most of which [were] for possession with intent to deliver…." *Id.* at 15. The court essentially reasoned that Appellant had been given multiple opportunities to rehabilitate himself, yet he repeatedly failed to do so, thus warranting a lengthier sentence. *Id.* at 16. Additionally, as Attorney Lloyd notes in his *Anders* brief,

> [a]t the sentencing hearing, the trial court considered [Appellant's] prior criminal record, work history, history of drug

---

[1] Attorney Lloyd explains in his *Anders* brief that the three-year maximum sentence applied to Appellant because he was previously convicted of a violation of 35 P.S. § 780-113. *See Anders* Brief at 29 n.3.

addiction, completion of programs while in state custody, familial responsibilities, prior response to rehabilitative attempts, the arguments of counsel for [Appellant] and the Commonwealth, and [Appellant's] allocution during which he showed remorse.

***Anders*** Brief at 29 (footnote omitted; citing N.T. Sentencing Hearing at 3-17). Counsel also points out that the trial court *sua sponte* vacated its original sentence and resentenced him with RRRI eligibility.

Given this record, we would ascertain no abuse of discretion in the sentence imposed by the trial court, even had Appellant preserved this issue for our review. ***See Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006) ("Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.") (citation omitted).

Likewise, we would also discern no arguable merit to a weight-of-the-evidence challenge, even if preserved below. The testimony at the hearing on Appellant's motion to suppress, which was incorporated into the record of his non-jury trial that immediately followed, clearly demonstrates that the court's verdict was not contrary to the weight of the evidence. Specifically, as Attorney Lloyd summarizes,

> [a]t the suppression hearing, the Commonwealth presented the testimony of Police Officer Eric Brooks. Officer Brooks testified that on April 20, 2015, shortly after 7:00 p.m., he and his partner,

Police Officer Caron, set up surveillance of the 2500 block of Franklin Street in Philadelphia from a confidential location. At approximately 8:00 p.m., the officer observed [Appellant] on the southeast corner of Franklin and Huntington Streets. At approximately 8:05 [p.m.], Officer Brooks observed a Latino male wearing a black hat, a black T-shirt, and jeans walk on the west side of the block. [Appellant] approached the unknown Latino man, the two engaged in a brief conversation, and [Appellant] removed a jar from his right front pants pocket. Officer Brooks testified that [Appellant] unscrewed the jar and dipped a cigarette into the jar. [Appellant] then handed the cigarette to unknown Latino man in exchange for [an] unknown amount of currency. The unknown man left the area travelling eastbound on Huntington Street. Officer Brooks provided his description to backup with instructions to stop the Latino man, but he was lost in [the] area.

Officer Brooks further testified that at approximately 8:25 p.m., he observed a gray Dodge Charger pull onto the block and park. The officer saw [Appellant] approach the driver of the car - Margarita Ronan. The officer saw [Appellant] dip a cigarette into the jar retrieved from his pocket and exchange the cigarette with the driver for an unknown amount of currency. The car then left the area and Officer Brooks gave the description and direction of the vehicle to backup Officer Markowski. Officer Markowski stopped the vehicle at 500 West Cumberland Street and arrested the driver after recovering one Newport cigarette, dipped in PCP from her.

Officer Brooks also testified that after this interaction, [Appellant] left the area travelling eastbound on Huntington Street. The officer testified that [Appellant] would go in and out of his view periodically. At approximately 9:20 p.m., Officer Brooks directed backup officers to stop [Appellant]. Officer Egan stopped [Appellant] on 700 West Huntington Street and recovered one clear glass jar with a black lid containing liquid PCP.

Officer Brooks testified that members of his surveillance teams had made approximately 200 arrests on the 2500 block of Franklin Street related to PCP sales. He characterized that b[l]ock as the area's "busiest" block for PCP sales and related that drug dealers only sell … PCP there, and that the sellers are busy from early in the morning until late at night.

Officer Edward Markowski also testified. He related that the PCP soaked cigarette that he recovered from the woman driving the Dodge Charger was a Newport brand cigarette which she had in her hand.

Officer Joseph Egan also testified. He related that the jar of PCP which he recovered from [Appellant's] right, front pants pocket was ¾ full. Officer Egan did not recover any money from [Appellant]. Officer Egan also recovered an opened box of Newport cigarettes from [Appellant] at the time of his arrest. The weight of the liquid PCP recovered from [Appellant] was 17 grams.

*Anders* Brief at 32-34 (citations to the record omitted).

In light of this record, we would not conclude that the trial court abused its discretion in denying Appellant a new trial, based on a challenge to the weight of the evidence, even had Appellant requested such relief in a post-sentence motion. *Commonwealth v. Houser*, 18 A.3d 1128, 1135-36 (Pa. 2011) ("[A] new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.").

Additionally, the above-stated evidence convinces us that Appellant's third issue is also frivolous, as it is clear that the trial court properly denied his pretrial motion to suppress the PCP recovered from his pants pocket. Initially,

[o]ur standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. ... [W]e must consider only the

evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Those properly supported facts are binding upon us and we may reverse only if the legal conclusions drawn therefrom are in error.

***Commonwealth v. Dixon***, 997 A.2d 368, 372 (Pa. Super. 2010) (internal citations and quotation marks omitted).

Here, in Appellant's motion to suppress, he argued that the officers did not possess probable cause to stop and search him. We will presume, for purposes of our discussion herein, that when Appellant was stopped by Officer Egan, he was subjected to the functional equivalent of a warrantless arrest, thus requiring probable cause. ***See Commonwealth v. Collins***, 950 A.2d 1041, 1046 (Pa. Super. 2008). Probable cause is established when the facts and circumstances "which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." ***Commonwealth v. Thompson***, 985 A.2d 928, 931 (Pa. 2009). We apply a totality of the circumstances test in determining whether probable cause exists. ***Id.*** Further, where a search is conducted incident to an arrest, officers may search both the person arrested and the area within his immediate control. ***See Commonwealth v. Simonson***, 148 A.3d 792, 799 (Pa. Super. 2016).

Here, Officer Brooks, who ordered Officer Egan to arrest Appellant, observed Appellant give two separate individuals a cigarette, which Appellant had first dipped into a jar retrieved from his pocket. The latter of those two

individuals was stopped and found to be in possession of a cigarette dipped in what was believed to be PCP. Officer Brooks testified that the area in which Appellant was observed was known for high volumes of PCP sales. Given this evidence, Officer Brooks had probable cause to believe that Appellant was engaging in criminal activity. Thus, Officer Brooks' direction to Officer Egan to conduct a warrantless arrest of Appellant was lawful, as was Officer Egan's subsequent search of Appellant's person that revealed the PCP in his pants pocket. Accordingly, we agree with Attorney Lloyd that Appellant's challenge to the trial court's denial of his motion to suppress the PCP is frivolous.

In sum, Appellant's first two issues are waived, and his third issue is frivolous. Additionally, our independent review of the record reveals no other, non-frivolous issues that Appellant could present on appeal. Consequently, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/17

- 11 -